UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JASON BURKHART                    CASE NO.:

       Plaintiff,

vs.

FIELDS AUTOMOTIVE GROUP , LLC
d/b/a FIELDS BMW OF DAYTONA
and FIELDS VOLKSWAGON OF DAYTONA,

       Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, JASON BURKHART, states and alleges as follows:

### JURISDICTION AS TO ALL COUNTS

1. This action arises under the provisions of the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e. et. seq. a pendent state claim is added as there is a common nucleus of fact.

2. At all times alleged hereto Plaintiff, Jason Burkhart was a resident of the State of Florida.

3. Plaintiff, Jason Burkart a male, is an individual whose status is protected pursuant to the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e- et seq.

4. Defendant, FIELDS AUTO GROUP, LLC is a corporation incorporated pursuant to the laws of the State of Florida.

5. Any and all allegations alleged hereto occurred at Defendant's place of business located at 1270 N. Tomoko Farms Rd., Daytona Beach, FL 32124.

6. At all times mentioned hereto, Defendant was an employer as defined pursuant to the

Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 (e) et seq.

7. At all times alleged mentioned hereto, Defendant was an employer as defined pursuant to the State of Florida Whistleblower Act, Florida Statute 448.101 et seq.

8. Prior to filing this action, on or about March or April of 2019, the Plaintiff filed charges of sex discrimination with the Equal Employment Opportunity Commission pursuant to 42 U.S.C. '2000(e).

9. A Notice of Right to Sue was issued by the Federal Equal Employment Opportunity Commission on or about September 4, 2019.

10. Plaintiff has filed his action within 90 days of receipt of the Right to Sue and exhausted all administrative remedies prior to filing this action. See attached exhibit "A".

## COUNT I  RETALIATION

11. Plaintiff, Jason Burkhart was previously employed by the Defendant, Fields Auto Group, LLC, from on or about June 6, 2018, until the date of Plaintiff's termination of on or about February 27, 2019.

12. At the time that the Plaintiff was last employed by the Defendant, Plaintiff held the position of salesman for Defendant's automobile sales and service business.

13. Prior to Plaintiff's termination from employment, one of Defendant's employees began yelling at Plaintiff in reference to a commission.

14. Plaintiff proceeded to move away from this individual and entered into Plaintiff's office.

15. This individual, without Plaintiff's consent, followed Plaintiff into Plaintiff's office and began in a loud voice to make statements in an intimidating manner "suck my dick" more than one time, refusing to leave despite demand by Plaintiff, flailing a paper in that

coworkers hand, stating to Plaintiff "do you want this?", "Do you want to fight?", "hit me, hit me", and attempting to block the door to Plaintiff's office making it difficult for Plaintiff to leave.

16. Plaintiff proceeded to inform Defendant's office manager of these actions and statements by the Plaintiff's coworker pursuant to Defendant's policies and procedures

17. Defendant's manager subsequently scheduled a conference with the Plaintiff and Plaintiff's coworker.

18. Plaintiff informed Defendant's manager Plaintiff wished to file a harassment complaint based upon the actions and words of Plaintiff's coworker.

19. Plaintiff was sent home from work by Defendant and subsequently terminated from employment.

20. At the time the Plaintiff was terminated from employment, no reasons were given by Defendant.

21. Plaintiff was terminated in retaliation for complaining of being sexually harassed in the workplace in violation of the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e- et seq.

22. Plaintiff's termination from employment was willful and intentional.

23. At all times alleged hereto, Plaintiff performed Plaintiff's job duties for the Defendant in a successful and satisfactory manner.

24. As a result of Plaintiff's termination, Plaintiff has suffered lost wages, the loss of benefits that had accrued and would have accrued had Plaintiff remained employed by the Defendant, and has suffered mental anguish. Plaintiff will suffer these losses in the future.

25. Plaintiff has retained undersigned counsel to represent Plaintiff in this matter and agreed to pay counsel a reasonable fee.

WHEREFORE Plaintiff demands judgment for the following:

a. That the Court award Plaintiff sums for unpaid back wages and future wages, and the value of lost past and future benefits.

b. That the Court award Plaintiff damages for mental anguish and humiliation.

c. That the Court award punitive damages.

d. That the Court award reasonable attorney's fees pursuant to 42 U.S.C. section 2000 e- et seq. and costs of this action.

e. That the Court award such other and further relief as may be just and equitable in the circumstances.

f. Trial by jury.

## COUNT II-STATE WHISTEBLOWER CLAIM

26. Plaintiff, Jason Burkhart was previously employed by the Defendant, Fields Auto Group, from on or about June 6, 2018, until the date of Plaintiff's termination of on or about February 27, 2019.

27. At the time that the Plaintiff was last employed by the Defendant, Plaintiff held the position of salesman for Defendant's automobile sales and service business.

28. Prior to Plaintiff's termination from employment, one of Defendant's employees began yelling at Plaintiff in reference to a commission.

29. Plaintiff proceeded to move away from this individual and entered into Plaintiff's office.

30. This individual, without Plaintiff's consent, followed Plaintiff into Plaintiff's office and began n a loud voice to make statements in an intimidating manner "suck my dick" more than one time, refusing to leave despite demand by Plaintiff, flailing a paper in that coworkers hand, stating to Plaintiff "do you want this?", "do you want to fight?", "hit me, hit me", and attempting to block the door to Plaintiff's office making it difficult for Plaintiff to leave..

31. Plaintiff proceeded to inform Defendant's office manager of these actions and statements by the Plaintiff's coworker pursuant to Defendant's policies and procedures, objecting to these actions and statements.

32. Defendant's manager subsequently scheduled a conference with the Plaintiff and Plaintiff's coworker.

33. Plaintiff informed Defendant's manager Plaintiff wished to file a harassment complaint based upon the actions and words of Plaintiff's coworker.

34. Plaintiff was sent home from work by Defendant and subsequently terminated from employment.

35. At the time the Plaintiff was terminated from employment, no reasons were given by Defendant.

36. To Plaintiff's best information and belief, Plaintiff's coworker was retained by the Defendant.

37. Plaintiff was terminated in retaliation for complaining of being physically threatened and assaulted by Plaintiff's coworker.

38. The actions by Plaintiff's coworker were an assault contrary to Florida Statute 784.011 and

attempted false imprisonment contrary to Florida statutes 787.02 and 777.04.

39. Plaintiff's termination from employment was in violation of the State of Florida "Whistleblower Act", 448.101 et. seq. 448.102 (3).

40. Defendant's actions in terminating Plaintiff from employment or willful and intentional.

41. As a result of Plaintiff's termination, Plaintiff has suffered lost wages, the loss of benefits that had accrued and would have accrued had Plaintiff remained employed by the Defendant, and has suffered mental anguish. Plaintiff will suffer these losses in the future.

42. Plaintiff has retained undersigned counsel to represent Plaintiff in this matter and agreed to pay counsel a reasonable fee.

WHEREFORE Plaintiff demands judgment for the following:

g. That the Court award Plaintiff sums for unpaid back wages and future wages, and the value of lost past and future benefits.

h. That the Court award Plaintiff damages for mental anguish and humiliation.

i. That the Court award punitive damages.

j. That the Court award reasonable attorney's fees pursuant to Florida statute 748.104.

k. Punitive damages as a result of Defendant's willful and intentional violation of the Act.

l. That the Court award such other and further relief as may be just and equitable in the circumstances.

J. Trial by jury.

Respectfully submitted December 3, 2019.

                                              */s/ David W. Glasser*
                                              DAVID W. GLASSER, ESQUIRE
                                              Fla. Bar No. 780022
                                              116 Orange Avenue
                                              Daytona Beach, FL 32114
                                              Telephone: (386) 252-0175
                                              Facsimile: (386) 257-0246
                                              Email: David@dglasserlaw.com
                                              legal@dglasserlaw.com
                                              Attorney for Plaintiff

EEOC Form 161 (11/16)          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jason Burkhart<br>130 Sands Parc Blvd<br>Unit 110<br>Daytona Beach, FL 32117 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL. (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2019-03585 | MARISSA COSCULLUELA,<br>Investigator | (305) 808-1781 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*                                                        SEP 0 4 2019

Michael J. Farrell,                                                  *(Date Mailed)*
District Director

Enclosures(s)

cc:  Mr. John Fields, Manager
     FIELDS AURO GROUP
     1270 N Tomoka Farms Road
     Daytona Beach, FL 32124

*exhibit "a"*

Enclosure with EEOC
Form 161 (11/16)

# Information Related to Filing Suit
## Under the Laws Enforced by the EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**Private Suit Rights** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**Private Suit Rights** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**Attorney Representation** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**Attorney Referral and EEOC Assistance** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*If you file suit, please send a copy of your court complaint to this office.*